# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

THEODORE K. DAVIS, JR.,

    Plaintiff,

v.

BARBARA SCHNEIDER CARTER, et al.,

    Defendants.

Case No. 1:19-cv-614

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On July 26, 2019, Plaintiff, proceeding pro se, paid the requisite filing fee and filed the above-captioned case. On the same date, Plaintiff filed two motions, which are appropriately construed as motions seeking preliminary injunctive relief and/or a temporary restraining order. Pursuant to local practice, this case has been referred to the undersigned magistrate judge. For the reasons that follow, the undersigned now recommends that this case be DISMISSED *sua sponte* for lack of subject matter jurisdiction, or alternatively, for failure to state any claim. Consistent with the recommended dismissal, Plaintiff's two pending motions should be DENIED.

**I. Background**

On May 31, 2019, the same plaintiff filed a motion seeking leave to file Case No. 1:19-cv-414 in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). On June 6, 2019, the undersigned granted Plaintiff's motion in the referenced case,[1] but

---

[1] The order granting Plaintiff's motion to proceed without payment of fees noted "serious misgivings concerning the grant of pauper status" in light of accompanying financial statements, but granted the application after citing "interests of judicial economy." (Doc. 2 at 2).

simultaneously filed a Report and Recommendation that recommended the dismissal of Plaintiff's complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). (See Case No. 1:19-cv-414, Docs. 2, 4). On June 19, 2019, Plaintiff filed objections to the dismissal of his case with prejudice. (Doc. 5). Plaintiff's objections, together with the R&R, remain pending before the district judge, as does Plaintiff's more recently filed motion to voluntarily dismiss his original case. (*Id.*, Docs. 4-6).

On the same date Plaintiff moved to voluntarily dismiss Case No. 1:19-cv-414, Plaintiff opened the above-captioned new case by paying the requisite filing fee. Plaintiff's new 19-page complaint is accompanied by 26 pages of exhibits.[2] Despite asserting new causes of action, all allegations in the above-captioned case relate to state court domestic relations proceedings. However, while Case No. 1:19-cv-414 named only Judge Schneider Carter, Plaintiff names as additional Defendants his ex-wife's attorneys including the Lampe Law Office, LLC, two individual attorneys from that office (M. Lynn Lampe and Adam C. Gedling), and his ex-wife, Kim Davis. The exhibits to the new complaint, together with the allegations contained therein, confirm that Plaintiff is alleging that his ex-wife and her counsel engaged in improper conduct in the domestic relations case over which Judge Schneider Carter presides. Plaintiff alleges violations of his Fourteenth Amendment rights, and asserts claims of extortion, coercion, racketeering, violations of 42 U.S.C. § 1983, fraud on the court, and illegal ex parte communication. (Doc. 1 at 2). All claims are based on state court proceedings and/or rulings issued by Judge Schneider Carter between February 2018 and June 12, 2019. As relief, Plaintiff

---

[2] Because Plaintiff initiated this lawsuit by paying the requisite filing fee, Plaintiff himself must effectuate service upon the Defendants. Unsurprisingly given the recency of this lawsuit, no Defendant has yet appeared.

seeks an Order overturning the state court's prior rulings, various forms of monetary damages including attorney's fees, and "other relief that the Court deems just and proper." (*Id.* at 15).

As stated, Plaintiff filed two motions with his complaint: (1) Motion for "Relief of Judgment, Vacate the Order(s) DR2013-12 1277 Butler County, Ohio, (Doc. 3); and (2) Emergency Motion to Stay Support Order DR1013-12-1277, (Doc. 4). Both motions are construed as motions seeking preliminary injunctive relief and/or a temporary restraining order. In the first motion, Plaintiff seeks "an emergency hearing to STAY all previous orders [of the state court] and support since Plaintiff has been overpaying support beginning December 2014, and the ex-spouse has not only hindered efforts to determine her true income but committed fraud and other criminal acts that justifies an immediate relief." (Doc. 3 at 7). In the second "Emergency Motion," Plaintiff similarly seeks a "Stay of the $1550.00 [previously ordered by the state court] plus 2% paid to CSEA…until the conclusion through the court, of this case." (Doc. 4 at 2).

## II.  This Case Should Be Dismissed *Sua Sponte*

Because Plaintiff paid the full filing fee in his new case, his complaint is not subject to statutory *sua sponte* screening under 28 U.S.C. § 1915(e). Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

### A. Defendant Schneider Carter is Entitled to Immunity

As previously noted in Case No. 1:19-cv-414, the first identified Defendant is an Ohio state court judge in the Domestic Relations Division of the Butler County Court. For

3

all the reasons stated in the R&R filed in that case, Judge Schneider Carter is entitled to absolute judicial immunity and should be dismissed from this lawsuit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pearson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Plaintiff's new allegations that Judge Schneider Carter engaged in *ex parte* communications with his ex-wife or her attorneys during her oversight of the state court proceedings do not overcome her absolute immunity. *Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015).

### B. The Court Lacks Subject Matter Jurisdiction; Alternatively, the Complaint Fails to State Any Claim

Federal courts are courts of limited jurisdiction. Plaintiff's latest complaint lacks factual content or context from which the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against any identified Defendant.

Although Plaintiff invokes federal question jurisdiction, no such jurisdiction exists. For this Court to have federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Plaintiff challenges the outcome of a family law dispute that arose in state court. (*See, e.g.*, Doc. 1 at 6, "Through trial Plaintiff will prove the $10,220.00 awarded to ex-spouse as attorney fees in the way of spousal support is a complete violation of the 2014 mediated agreement.").

More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to

4

the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of alleged constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002). In *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S. Ct. 2206 (1992), the Supreme Court reaffirmed that the domestic relations exception precludes federal courts from hearing cases "involving the issuance of a divorce, alimony, or child custody decree."

The undersigned recognizes that, following *Ankenbrandt*, the Sixth Circuit has cautioned against applying the domestic relations exception too broadly in a manner that would bar claims that only tangentially relate to the domestic relations arena. However, examining Plaintiff's complaint in this case, the undersigned concludes that it falls squarely within the domestic relations exception. *Contrast Alexander v. Rosen*, 804 F.3d at 1205-1206 (holding that husband's conspiracy complaint against nine individuals who had connection to child support proceedings did not technically fall within the exception because plaintiff did not request that the federal court "'modify or interpret an existing' decree," thereby allowing the court to resolve the claims "without entangling ourselves in the difficult questions of state family law, which is what the domestic relations exception was designed to prevent."). Here, Plaintiff seeks modification of the state court's spousal support decree, and his cursory references to federal statutes do not provide any additional basis for jurisdiction or state any federal claim.

For example, Plaintiff asserts in conclusory fashion that the Defendants have violated his Fourteenth Amendment rights, which are enforceable under 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege sufficient facts to demonstrate that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1906, 1913 (1981)). Aside from the fact that Plaintiff's allegations are entirely conclusory, neither his ex-wife nor his ex-wife's attorneys are persons whose actions could conceivably subject them to liability under § 1983. "An ex-wife, even when an ex-wife acts with her divorce attorney(s), is not a state actor." *Milgrom v. Burstein*, 374 F. Supp.2d 523, 527 (E.D. Ky. 2005); *see also Kelm v. Hyatt*, 44 F.3d 415, 421-422 (6th Cir. 1995) (holding that ex-wife did not qualify as a "state actor" even under "outer limits" of tests for state action).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 241 Fed. Appx. 285, 287–290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. As stated, Plaintiff alleges no actions by any state actor other than by Judge Schneider Carter, who is absolutely immune from suit. The Sixth Circuit has consistently applied the domestic relations exception to cases such as this one, where all of the alleged causes of action concern the interpretation of a spousal support decree. *See McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999) (holding that domestic

relations exception applies where an ex-wife filed suit for breach of contract for the sale of real estate, where the alleged "contract" was part of a separation agreement).

Additionally, Plaintiff's factual allegations are insufficient to state any cognizable claim. Plaintiff's cursory references to Coercion, Racketeering, Fraud on the Court, and/or Illegal Ex Parte communications, provide no grounds for the exercise of federal question jurisdiction. *See generally Milgrom*, 374 F. Supp.2d at 528; *White v. Clay*, 2001 WL 1793746 at *2 (W.D. Ky.), *aff'd*, 23 Fed. Appx. 407 (6th Cir. 2001) (dismissing husband's claim against ex-wife, her attorney and others involved in state divorce proceeding as insufficient to form the basis of a RICO claim). Even if a reviewing court were to conclude that Plaintiff's allegations do not seek interpretation of the terms of his divorce decree as in *McLaughlin*, but instead set forth a stand-alone conspiracy claim as in *Alexander*, Plaintiff's complaint would still be subject to dismissal for failure to state any conspiracy or racketeering claim as a matter of law. *Accord Alexander*, 804 F.3d at 1207 (holding that Plaintiff's conclusory allegations of racketeering failed to state any plausible claim despite the lack of a federal jurisdictional bar).

This Court is also barred from reviewing Plaintiff's claims because all of his alleged injuries emerge from the state court's rulings and judgment. This Court takes judicial notice of the fact that Plaintiff previously sought similar relief from the state court both through a direct appeal and through a motion to recuse the presiding state court judge, and now turns to this Court having lost his battle in state court. *See generally Davis v. Davis*, 2018 WL 6445597 (Ohio Court App., 12th Dist., Dec. 10, 2018) (affirming decision on post-decree petition regarding determination of spousal support), appeal not accepted for review, 155 Ohio St. 3d 1414 (Ohio April 3, 2019); *see also In re Disqualification of*

7

*Schneider Carter*, 151 Ohio St. 3d 1234, 90 N.E.3d 940 (Ohio, July 26, 2017) (denying affidavit of disqualification filed by Theodore Davis). Thus, to the extent that this lawsuit is construed as an appeal of a state judge's orders, the *Rooker-Feldman* doctrine bars direct review. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 148 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

The doctrine of abstention provides yet another jurisdictional bar. In Plaintiff's current complaint, he refers to the continuation of a June 12, 2019 hearing by Judge Schneider Carter in state court to August 15, 2019. (Doc. 1 at 13). Even if this Court otherwise could assume jurisdiction, it would be required to abstain from intervening in any dispute that remains ongoing in state court. *See Younger v. Harris,* 401 U.S. 37 (1971); *see also generally Kelm v. Hyatt*, 44 F.3d at 419-421.

In short, the undersigned concludes that this Court lacks subject matter jurisdiction over Plaintiff's claims because any claims fall exclusively within the jurisdiction of the state courts, and Defendant Schneider Carter is immune from suit. Plaintiff's conclusory references to violations of his civil rights are not sufficient to grant jurisdiction.[3] Accordingly, Plaintiff's complaint should be dismissed for lack of federal question jurisdiction. In the alternative, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

**C. Plaintiff's Construed Motions for Preliminary Injunction/TRO**

Plaintiff's construed motions for preliminary injunctive relief and/or a temporary restraining order (Docs. 3, 4) should be denied as moot in light of the recommended

---

[3] Plaintiff makes no claim of diversity jurisdiction of this Court under 28 U.S.C. § 1332(a), but even if he had, the face of the complaint reveals that the citizenship of the Plaintiff is not diverse from the Defendants.

dismissal of this case. In the alternative, and only if this case is not dismissed *sua sponte*, the Court should exercise its discretion to deny the motions on the merits based upon the evaluation of the traditional factors used to evaluate the propriety of such extraordinary relief. *See generally*, *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** *sua sponte* based upon a lack of subject matter jurisdiction, and all pending motions be **DENIED AS MOOT**. In the alternative, the complaint should be dismissed for failure to state claim.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

THEODORE K. DAVIS, JR.,

      Plaintiff,

v.

BARBARA SCHNEIDER CARTER, et al.,

      Defendants.

Case No. 1:19-cv-614

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).