# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE K. DAVIS, JR., | : | Case No. 1:19-cv-614 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| BARBARA SCHNEIDER CARTER, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6)

After voluntarily dismissing a similar complaint (*See Davis v. Carter Schneider*, No. 19-cv-614 (S.D. Ohio filed May 31, 2019)), Plaintiff filed the instant action involving the same state-court domestic relations proceedings against the same Defendant, Judge Barbara Schneider Carter, and several new Defendants, including his ex-wife, Kim Davis, and her law firm in the state proceedings. (Doc. 1).

On August 5, 2019, Magistrate Judge Stephanie K. Bowman, pursuant to the Order of General Reference, issued a Report and Recommendation recommending *sua sponte* dismissal for lack of subject matter jurisdiction. (Doc. 6). Plaintiff filed objections on August 19, 2019. (Doc. 9). Plaintiff also proceeded to file a "motion for default judgment emergency stay, 60(b)/60(d) motion" (Doc. 25) and "supplemental findings evidence and facts injunction and stay" (Doc. 27).

As the Magistrate Judge explains in a detailed and well-reasoned opinion, Plaintiff's complaint suffers the same jurisdictional defects as his prior complaint.

Plaintiff's complaint asserts that that the parties engaged in various forms of misconduct surrounding certain state court domestic relations proceedings and seeks as relief, an Order overturning the state court's prior rulings, as well as monetary damages. (Doc. 1 at 2, 15). Plaintiff filed two motions along with his complaint: (1) a motion for "relief of judgment, vacate the order(s) DR2013-12 1277 Butler County, Ohio" (Doc. 3), and (2) an "emergency motion to stay support order DR1013-12-1277" (Doc. 4). The Magistrate Judge properly construed both motions as motions seeking preliminary injunctive relief and/or a temporary restraining order. (Doc. 6 at 3).

Although Plaintiff's new complaint is not subject to *sua sponte* screening under 28 U.S.C. § 1915(e), the Magistrate Judge recommended dismissal of the complaint *sua sponte* for lack of subject matter jurisdiction. (Doc. 6 at 3). The Court agrees with the Magistrate Judge that "a district court may, at any time *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid or merit, or no longer open to discussion." *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). Further, the Court agrees entirely with the Magistrate Judge's analysis finding that Judge Schneider Carter is absolutely immune from suit, *see Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001), and that Plaintiff has failed to identify a federal question that is not wrapped up in his domestic relations issues. *See Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2002). Further, the Magistrate Judge aptly

2

notes that Plaintiff has failed to allege actions by any state actor other than Judge Schneider Carter, who is absolutely immune. (Doc. 6 at 6). Plaintiff provides no basis for finding that Plaintiff's ex-wife and her attorneys were acting under "color of state law" for purposes of 42 U.S.C. § 1983. Finally, the Court lacks jurisdiction over Plaintiff's claims to the extent that Plaintiff is asking the Court to act as an appellate court to overturn the state judge's orders. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Moreover, Plaintiff's objections are not well-taken. Plaintiff argues that he is not disputing any state-court order but is rather, "defending" the Mediation Agreement between him and his ex-wife, particularly, its provision for spousal support. (Doc. 9 at 2). However, as noted above, federal courts generally do not have jurisdiction over domestic relations issues, and the enforcement of a mediation agreement between ex-spouses falls squarely within that category. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (finding the domestic relations exception precludes federal courts from hearing cases "involving the issuance of a divorce, alimony, or child custody decree"); *see also McLaughlin v. Cotner*, 193 F.3d 410, 413-14 (6th Cir. 1999) (finding lack of jurisdiction to hear contract dispute where contract was part of a separation agreement).

Plaintiff's argument that Judge Schneider Carter could fall under an exception to absolute judicial immunity (Doc. 9 at 3-4) is also without merit. Plaintiff's quote that "[w]hen a judge acts intentionally and knowingly to deprive a person of his constitutional rights . . . he acts no longer as a judge, but as a 'minister' of her own prejudice" was cited

3

by Justice William Douglas in a dissenting opinion in *Pierson v. Ray*, 386 U.S. 547, 567 n.6 (1967). As the Magistrate Judge accurately explained, "[j]udges retain absolute immunity even if they act maliciously or correctly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them." (Doc. 6 at 4) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)).

The Court has reviewed the comprehensive findings of the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) and has considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation (Doc. 6) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice *sua sponte* for lack of subject matter jurisdiction;

2) Plaintiff's pending motions (Docs. 3, 4, 25, 27) are **DENIED as moot**;

3) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 1/29/2020                        *s/ Timothy S. Black*
                                                           Timothy S. Black
                                                           United States District Judge